Steven J. Nataupsky (SBN 155,913)
Steve.nataupsky@knobbe.com
Marko R. Zoretic (SBN 233,952)
Marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
AMERICAN ACUPUNCTURE COUNCIL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN ACUPUNCTURE COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>CM & F GROUP, A DIVISION OF SPECIALTY PROGRAM GROUP, LLC<br><br>Defendant. | Civil Action No. 8:22-CV-1323<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>JURY DEMAND |

Plaintiff American Acupuncture Council ("Plaintiff" or "AAC") hereby complains of CM&F Group, a Division of Specialty Program Group, LLC ("Defendant" or "CM&F"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action for 1) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a); 2) trademark infringement under 15 U.S.C. § 1114; 3) unfair competition arising under California Business & Professions Code §§ 17200, *et seq.*, and 4) California common-law unfair competition.

2. The Court has original subject matter jurisdiction over the claims that relate to trademark infringement and false designation of origin, pursuant to 15 U.S.C. §§ 1116 and/or 1121(a), and pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this Judicial District and within California. Defendant is licensed by the California Department of Insurance to transact the business of insurance in the State of California. Defendant sells, advertises, markets, and promotes its insurance services in California, including in this Judicial District through, at least, its website https://www.cmfgroup.com/ and https://www.specialtyprogramgroup.com/programs/cmf-group/, which are available and accessible in California. Defendant has marketed and advertised its services online in connection with the infringing mark AMERICAN

ACUPUNCTURE COUNCIL in its online advertising for its own insurance services, as shown in the exemplary Google advertisement below, which was available and accessible in California:



4. In addition, by committing acts of trademark infringement, false designation of origin, and unfair competition in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to AAC's claims.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District by

virtue of doing business within the Judicial District and a substantial portion of the events complained of herein having taken place in this Judicial District.

## II. THE PARTIES

6. AAC is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1100 W. Town & Country Road, Suite 1400, Orange, California 92868.

7. Upon information and belief, Defendant is a corporation organized and existing under the laws of Delaware, having a principal place of business at 5 Bryant Park, 4th Floor, New York, NY 10018.

## III. COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A. AAC and Its Trademarks

8. AAC is one of the largest and oldest providers of acupuncture malpractice insurance in the country.

9. AAC has obtained numerous registered trademarks in connection with its acupuncture malpractice insurance services, including the following:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| AMERICAN ACUPUNCTURE COUNCIL | 2,853,463 | Procurement, namely, group purchase of insurance for others.<br><br>Insurance services, namely, insurance administration, underwriting insurance in the field of alternative health care provider malpractice, claims administration and claims processing. | 11/1/2002 | 6/15/2004 |
| AMERICAN ACUPUNCTURE | 4,480,210 | Printed materials in the forms of instructional | 4/19/2013 | 2/11/2014 |

-3-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| COUNCIL NETWORK | | materials, forms, newsletters, informational pamphlets for seminars, and magazines, all in the field of insurance and insurance administration. Business consultation services in the field of insurance and insurance administration; and telephone hot line counseling services, namely, offering business advice in the field of insurance and insurance administration; On-line retail store services featuring software, manuals and materials in the fields of insurance, insurance administration and HIPAA laws.<br><br>Consultation services in the field of insurance and insurance administration; and telephone hot line consultation services in the field of insurance and insurance administration.<br><br>Arranging and conducting educational seminars in the field of insurance and insurance administration. | | |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| AMERICAN ACUPUNCTURE COUNCIL NETWORK | 6,066,591 | Downloadable electronic publications, namely, books, forms, letters, flyers and brochures in the field of acupuncture.<br><br>Non-downloadable electronic publications, namely, books, forms, letters, flyers and brochures in the field of acupuncture. | 6/19/2018 | 6/20/2020 |

10. Copies of the foregoing registrations are attached hereto as Exhibits 1–3. Collectively, the above registrations and trademarks, including all common law rights therein, are referred to as the "AMERICAN ACUPUNCTURE COUNCIL Marks."

11. Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 2,853,463 and 4,480,210 are incontestable.

12. As a result of AAC's substantial use and promotion of its AMERICAN ACUPUNCTURE COUNCIL Marks, the marks have acquired great value as specific identifies of AAC's services from those of others. Customers in this Judicial District and elsewhere readily recognize AAC's AMERICAN ACUPUNCTURE COUNCIL Marks as distinctive designations of origin of AAC's services. The AMERICAN ACUPUNCTURE COUNCIL Marks are intellectual property assets of great value as symbols of AAC's and its quality services, reputation, and goodwill.

B. **Defendant's Infringing Activities**

13. Defendant is engaged in the business of offering professional liability insurance for various healthcare professions, as well as healthcare

groups and clinics. Defendant is licensed by the California Department of Insurance to transact the business of insurance in the State of California. Defendant also owns and operates the websites https://www.cmfgroup.com/ and https://www.specialtyprogramgroup.com/programs/cmf-group/, and maintains a social media profile at https://www.facebook.com/cmfgroupinsurance/.

14. Defendant has marketed and advertised its services online in connection with the infringing mark AMERICAN ACUPUNCTURE COUNCIL in its online advertising for its own insurance services, as shown in the exemplary Google advertisement below:



15. As shown above, Defendant's advertisement is displayed as the first search result, directly above AAC's own website.

16. As shown above, not only is Defendant's use of AMERICAN ACUPUNCTURE COUNCIL in its online advertising identical to the AMERICAN ACUPUNCTURE COUNCIL Marks, the marks are also being used in connection with identical services (*i.e.*, malpractice insurance for healthcare professionals). Accordingly, there is a strong likelihood that consumers will mistakenly believe that there is some affiliation or association between Defendant's services and AAC's services when there is not.

17. Further, there is a strong likelihood that consumers will be confused and led to purchase insurance coverage and related services from Defendant when they are instead searching online for AAC's services.

18. On May 4, 2022, AAC sent a letter demanding that Defendant cease its infringing actions. Defendant responded on May 12, 2022, and represented that "The advertisement referenced in [the May 4, 2022] letter was first posted on April 14, 2022 and was taken down on May 5, 2022, immediately after receipt of [the] letter. It generated minimal activity and no profit."

19. On June 1, 2022, AAC responded to Defendant's May 12, 2022 response, and stated that Defendant's response "does not eliminate the damages previously caused." AAC renewed its demands set forth in its May 4, 2022 letter to "provide the number of customers who visited the CM&F Group website and purchased malpractice insurance between April 14th and May 5th, as well as the total profit generated from these sales." AAC's June 1, 2022 letter also requested Defendant to let AAC know whether AAC's mark was used in any other advertising or promotional materials, and requested a response by June 10, 2022.

/ / /

20. Defendant has not responded to AAC's June 1, 2022 letter.

21. Without permission or consent from AAC, Defendant has infringed AAC's AMERICAN ACUPUNCTURE COUNCIL Marks in interstate commerce by promoting, advertising, selling, and/or offering to sell various services using the AMERICAN ACUPUNCTURE COUNCIL Marks.

22. Upon information and belief, Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Defendant's services and are intended to cause consumers and potential customers to believe that Defendant's business, and the services that Defendant offers, are associated with AAC or AAC's services when they are not.

23. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to AAC's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source, origin or relationship of AAC and Defendant or AAC's and Defendant's services by, using the AMERICAN ACUPUNCTURE COUNCIL Marks, as shown above.

24. Upon information and belief, Defendant's acts complained of herein are willful and deliberate.

25. Defendant's acts complained of herein have caused damage to AAC in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

26. Defendant's acts complained of herein have caused AAC to suffer irreparable injury to its business. AAC will suffer substantial loss of goodwill and reputation, as well as a loss of control of its trademarks unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

/ / /

/ / /

## IV. FIRST CLAIM FOR RELIEF

**(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))**

27. AAC hereby repeats, realleges, and incorporates by reference Paragraphs 1–26 of this Complaint as though fully set forth herein.

28. This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

29. As a result of the widespread use and promotion of AAC's AMERICAN ACUPUNCTURE COUNCIL Marks, the marks have acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the AMERICAN ACUPUNCTURE COUNCIL Marks with AAC.

30. Defendant has infringed AAC's AMERICAN ACUPUNCTURE COUNCIL Marks, and created a false designation of origin, by using in commerce, without AAC's permission, the identical AMERICAN ACUPUNCTURE COUNCIL mark in connection with the advertisement, offering for sale, and/or sale of Defendant's services.

31. Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of AAC with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's services or Defendant's commercial activities, in violation of 15 U.S.C. § 1125(a).

32. Upon information and belief, Defendant did so with the intent to trade upon AAC's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's services are associated with, sponsored by or approved by AAC, when they are not.

33. Upon information and belief, Defendant had actual knowledge of AAC's ownership and prior use of the AMERICAN ACUPUNCTURE

COUNCIL Marks, and without the consent of AAC, willfully violated 15 U.S.C. § 1125(a).

34. Defendant, by its actions, has damaged AAC in an amount to be determined at trial.

35. Defendant, by its actions, has irreparably injured AAC. Such irreparable injury will continue unless AAC is preliminarily and permanently enjoined by this Court from further violation of AAC's rights, for which AAC has no adequate remedy at law.

## V. SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

36. AAC hereby repeats, realleges, and incorporates by reference Paragraphs 1–35 of this Complaint as though fully set forth herein.

37. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

38. AAC owns valid and enforceable federally registered trademarks for the AMERICAN ACUPUNCTURE COUNCIL Marks, including at least the registrations listed in Paragraph 9 above.

39. Defendant has used in commerce, without permission from AAC, identical, colorable imitations, and/or confusingly similar marks to AAC's AMERICAN ACUPUNCTURE COUNCIL Marks that are the subject of one or more of the registrations listed in Paragraph 9 above.

40. The activities of Defendant complained of herein constitute willful and intentional infringements of AAC's registered marks, and Defendant did so with the intent to trade upon AAC's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's services are associated with, sponsored by, originated from, or are approved by, AAC, when they are not.

41. Upon information and belief, Defendant had actual knowledge of AAC's ownership and prior use of the AMERICAN ACUPUNCTURE COUNCIL Marks, and had actual knowledge that Defendant's actions constituted infringement of AAC's AMERICAN ACUPUNCTURE COUNCIL Marks, and have willfully violated 15 U.S.C. § 1114.

42. Defendant, by its actions, has damaged AAC in an amount to be determined at trial.

43. Defendant, by its actions, has irreparably injured AAC. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of AAC's rights, for which AAC has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

### (Unfair Competition Under California Business & Professions Code §§ 17200 *et seq.*)

44. AAC hereby repeats, realleges, and incorporates by reference Paragraphs 1–43 of this Complaint as though fully set forth herein.

45. This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

46. By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public and have unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

47. Defendant's acts complained of herein constitute trademark infringement, unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged AAC.

48. Defendant's acts complained of herein have resulted in harm to AAC's property rights in its trademarks through harm to AAC's reputation and

goodwill, have resulted in lost royalty income, and have caused economic injury to AAC.

49. Defendant, by its actions, have irreparably injured AAC. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of AAC's rights, for which AAC has no adequate remedy at law.

## VII. FOURTH CLAIM FOR RELIEF
### (California Common Law Unfair Competition)

50. AAC hereby repeats, realleges, and incorporates by reference Paragraphs 1–49 of this Complaint as though fully set forth herein.

51. This is an action for unfair competition under the common law of the State of California.

52. Defendant's acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

53. By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with AAC in violation of the common law of the State of California.

54. Defendant's aforementioned acts have damaged AAC in an amount to be determined at trial.

55. Defendant has irreparably injured AAC. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of AAC's rights, for which AAC has no adequate remedy at law.

56. Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, AAC is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## VIII. PRAYER FOR RELIEF

WHEREFORE, AAC prays for judgment against Defendant as follows:

1. That the Court render a final judgment in favor of AAC and against Defendant on all claims for relief alleged herein;

2. That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the AMERICAN ACUPUNCTURE COUNCIL Marks by using a false designation of origin, through the marketing, sale and promotion of Defendant's services;

3. That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing AAC's federally registered trademarks;

4. That the Court render a final judgment declaring that Defendant has violated California Business and Professions Code §§ 17200, *et seq.* by committing trademark infringement and unfairly competing with AAC;

5. That the Court render a final judgment declaring that Defendant has violated California common law by unfairly competing with AAC;

6. That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    a. using the AMERICAN ACUPUNCTURE COUNCIL Marks in connection with the advertisement, promotion, or sale of any goods and services, and/or using confusingly similar variations of any of the AMERICAN ACUPUNCTURE COUNCIL Marks in any manner that is likely to create the impression that Defendant's products or services originate from AAC, are endorsed by AAC, or are connected in any way with AAC;

  b. displaying, advertising, marketing, promoting, selling, and/or offering to sell any unauthorized products or services bearing any of the AMERICAN ACUPUNCTURE COUNCIL Marks, and/or any confusingly similar marks;

  c. filing any applications or continuing to pursue any applications for registration of any trademarks confusingly similar to the AMERICAN ACUPUNCTURE COUNCIL Marks;

  d. otherwise infringing any of the AMERICAN ACUPUNCTURE COUNCIL Marks or any of AAC's other trademarks;

  e. falsely designating the origin of Defendant's products and services;

  f. causing a likelihood of confusion or injury to AAC's business reputation; and

  g. unfairly competing with AAC in any manner whatsoever.

7. That Defendant be directed to file with this Court and serve on AAC within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

8. That Defendant be required to account for and pay to AAC any and all profits derived by Defendant by virtue of Defendant's acts complained of herein;

9. That Defendant be ordered to pay over to AAC all damages which AAC has sustained as a consequence of the acts complained of herein, subject to proof at trial;

10. That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

11. That AAC be awarded exemplary damages from Defendant pursuant to Cal. Civ. Code. § 3294;

12. That Defendant's actions be deemed willful;

13. That Defendant be ordered to pay AAC pre-judgment and post-judgment interest;

14. That an award of reasonable costs, expenses, and attorneys' fees be awarded to AAC pursuant to at least 15 U.S.C. § 1117;

15. That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing the AMERICAN ACUPUNCTURE COUNCIL Marks, or any confusingly similar marks or trade dress, pursuant to 15 U.S.C. § 1118;

16. That AAC be awarded restitution and disgorgement; and

17. That AAC be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 15, 2022

By: /s/ Marko R. Zoretic
Steven J. Nataupsky
Marko R. Zoretic

Attorneys for Plaintiff
AMERICAN ACUPUNCTURE COUNCIL

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff American Acupuncture Council demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

Dated: July 15, 2022      By: */s/ Marko R. Zoretic*
　　　　　　　　　　　　　　　Steven J. Nataupsky
　　　　　　　　　　　　　　　Marko R. Zoretic

　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　AMERICAN ACUPUNCTURE COUNCIL

55931504